## LEWIS v. DU BOIS.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

EVIDENCE—PRIVATE WRITINGS—STATEMENTS OF ACCOUNTS—CONCLUSIVENESS.

Where, in an action by physician to recover from defendant for professional services in attending defendant's sister, it appeared that the physician had rendered a bill wherein a charge was made to the sister for the services, the physician was entitled to show whether he had had any conversation with the sister with respect to the bill, whether there was any agreement with the sister with reference to his being engaged to attend her or perform services for her, and whether the bill was intended as a charge against the sister, or was intended to indicate the party to whom the services had been rendered, to rebut the inference drawn from the bill.

Appeal from Judgment on Report of Referee.

Action by George B. Lewis against John E. Du Bois. From a judgment dismissing the complaint on the merits entered on the report of a referee, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Lynch & Davis (Martin S. Lynch, of counsel), for appellant.
George F. Andrews (Frederick Colvin, of counsel), for respondent.

JOHN M. KELLOGG, J. This action was brought by a physician to recover for services in attending Lucy Du Bois, the sister of the defendant. The plaintiff's evidence tended to show that he performed the services for the defendant and upon his undertaking to pay therefor. The defendant's evidence, while practically admitting that the funds would in the end be furnished by him, contends that he is not primarily liable for the bill, and did not employ the plaintiff. The defendant put in evidence a bill rendered to him, the charge being made to

110 N.Y.S.—22

Lucy Du Bois for professional services rendered her. This, unexplained, seems somewhat antagonistic to the plaintiff's claim, and has a tendency to show that the employment was by Lucy Du Bois, or that the services were being rendered upon her account. The plaintiff was asked, with reference to this bill, whether he ever had any conversation with Lucy Du Bois about it in any way for his services; whether there was ever any agreement or talk with the patient with reference to his being engaged to attend her or perform services for her; whether he ever charged upon his book or otherwise the services to Lucy Du Bois; whether the bill was intended as a charge against Lucy Du Bois, or was intended to indicate the party to whom the services had been actually delivered; and whether the defendant stated or indicated to plaintiff at any time that the patient was to pay or adjust the bill. These various questions were objected to and excluded, to which the plaintiff excepted. The plaintiff clearly had the right, by answering these questions, to rebut so far as his answers might any inference to be drawn from the manner in which the bill was made out. The memorandum of the referee shows that the form of this bill was considered by him as important evidence against the plaintiff.

As the judgment must be reversed for this error, it is unnecessary to consider the question whether the findings are sustained by the evidence or not. The judgment should therefore be reversed, the referee discharged, and a new trial granted, with costs to the appellant to the event. All concur.